Bingham McCutchen LLP
STACY W. HARRISON (SBN 175028)
stacy.harrison@bingham.com
JONATHAN A. LOEB (SBN 162758)
jon.loeb@bingham.com
The Water Garden
Fourth Floor, North Tower
1620 26th Street
Santa Monica, CA 90404-4060
Telephone: 310.907.1000
Facsimile: 310.907.2000

Attorneys for Secured Creditor
HARTFORD LIFE, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re | Case No. 09-12995 |
| DIAMOND OAKS VINEYARDS, INC., | Chapter 11 |
| Debtor. | Judge: Hon. Alan Jaroslovsky |
| Tax Identification No. 46-0497004 | |

SECURED CREDITOR HARTFORD LIFE, INC.'S EX PARTE APPLICATION FOR AN EXAMINATION OF THE DEBTOR AND FOR PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004; [PROPOSED] ORDER FOR RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS

TO THE HONORABLE ALAN JAROSLOVSKY, BANKRUPTCY JUDGE, DEBTOR DIAMOND OAKS VINEYARDS, INC., THE UNITED STATES TRUSTEE FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND ALL OTHER PARTIES-IN-INTEREST:

Secured Creditor Hartford Life, Inc., a Delaware Corporation ("Hartford") hereby applies *ex parte* for an order of the Court requiring the oral examination, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, of the designated representative(s) of debtor Diamond Oaks Vineyards, Inc. (the

"Debtor") most knowledgeable about (a) the Debtor, including the corporate formation of the Debtor; (b) the Debtor's business operations; (c) the Debtor's acquisition of the real estate set forth on Schedule A ("Schedule A") of the Debtor's filing under Chapter 11 of the Bankruptcy Code on October 7, 2009 ("Schedules"); (d) the value of the real estate set forth on Schedule A; (e) the related business activities of the Debtor's principal, Dinesh Maniar ("Maniar"), and Maniar's other businesses; (f) any transfers or disposition of money and/or assets among and/or between the Debtor, Maniar, and/or Maniar's other businesses; (g) the nature and extent of Debtor's income, assets, investments, expenses and liabilities; (h) the nature and extent of Debtor's purported former income, assets, investments, expenses and liabilities, including but not limited to the properties listed in Paragraph 10 of Debtor's Statement of Financial Affairs, filed on October 7, 2009 ("Statement of Financial Affairs"); (i) the Debtor's business plan; and (j) any proposed plan of reorganization considered by the Debtor. Hartford also applies for an order requiring that the Debtor produce documents pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.

Under Federal Rule of Bankruptcy Procedure 2004(a) and (b), creditors, as parties-in-interest, are entitled to examine an entity about "the acts, conduct, or property or . . . the liabilities and financial condition of the debtor, or . . . any matter which may affect the administration of the debtor's estate." *See* Fed. R. Bankr. 2004(a), (b). Creditors also may compel the production of documentary evidence. *See* Fed. R. Bankr. 2004(c).

The examination of the Debtor's representative(s) on the above-listed topics will assist Hartford in determining the nature and extent of the Debtor's assists, liabilities, and operations, so that Hartford can better assess the feasibility of any proposed plan of reorganization. Moreover, the Court has set a final hearing on Hartford's Motion for Relief From Stay Pursuant To 11 U.S.C. Section 362(d)(1) and (d)(4) for February 11, 2010. This examination will allow Hartford

to discover facts regarding the transfer of certain assets to Debtor on the eve of its bankruptcy filing (which Hartford contends was fraudulent) and information regarding the nature and extent of Debtor's business operations, including whether any such operations existed before the filing of this bankruptcy case and whether Debtor intends the operations to continue.

At the meeting of creditors, the U.S. Trustee recognized the opaque nature of the Debtor's business operations (and, in particular, the possible co-mingling of assets with Maniar's related business, Dutcher Creek Vineyards, Inc.), and requested that the Debtor produce documentation for the U.S. Trustee's review, including any sales contracts and tax records of the Debtor. Hartford also is entitled to production of those documents in order to determine the nature and extent Debtor's income, assets, liabilities, and business operations. Thus, an examination of the Debtor's representative(s) and the documents (a description of which is set forth in the attached Exhibit A) are necessary for Hartford, a secured creditor, to determine:

  a. the nature and amount of the Debtor's expenses and projected expenses;

  b. the nature, amount and sources of the Debtor's income and projected income;

  c. the Debtor's liabilities;

  d. the Debtor's financial condition;

  e. the viability of Debtor as a corporation;

  f. the nature, extent, location and value of the Debtor's assets; and

  g. the feasibility of any proposed plan for reorganization.

Also, the deposition should take place in San Francisco, California. Debtor's designated "responsible person" is James Graeb, whose address is 447 Battery Street, #300, San Francisco, California. In the List of Equity Security Holders, filed in the bankruptcy action on September 14, 2009, Maniar lists his

address at the same location.

Hartford therefore respectfully requests that the Court enter an order:

1. Directing the designated representative(s) of the Debtor most knowledgeable about (a) the Debtor, including the corporate formation of the Debtor; (b) the Debtor's business operations; (c) the Debtor's acquisition of the real estate set forth on Schedule A of the Schedules; (d) the value of the real estate set forth on Schedule A; (e) the related business activities of the Debtor's principal, Maniar, and Maniar's other businesses (including Diamond Oaks Winery, Diamond Oaks Sales Company, and Dutcher Creek Vineyards, Inc.); (f) any transfers or disposition of money and/or assets among and/or between the Debtor, Maniar, and/or Maniar's other businesses; (g) the nature and extent of Debtor's income, assets, investments, expenses and liabilities; (h) the nature and extent of Debtor's purported former income, assets, investments, expenses and liabilities, including but not limited to the properties listed in Paragraph 10 of the Statement of Financial Affairs; (i) the Debtor's business plan; and (j) any proposed plan of reorganization considered by the Debtor to appear for examination on the topics set forth above at the offices of Bingham McCutchen LLP, located at Three Embarcadero Center, San Francisco, California, on January 15, 2010 at 9:00 A.M., or as soon thereafter as the Court may direct.

//
//
//

2. Directing the Debtor to deliver the documents described in Exhibit A attached hereto to the offices of Bingham McCutchen LLP, located at Three Embarcadero Center, San Francisco, California, on or before January 15, 2010 at 9:00 a.m., or at such other place and date as to which the parties may agree.

DATED: December 28, 2009

Respectfully submitted,

Bingham McCutchen LLP

By: /s/ Stacy W. Harrison
Stacy W. Harrison
stacy.harrison@bingham.com
Attorneys for Secured Creditor
HARTFORD LIFE, INC.

# EXHIBIT A
# REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Bankruptcy Procedure 2004, Secured Creditor Hartford Life, Inc., a Delaware Corporation ("Hartford") requests that debtor Diamond Oaks Vineyards, Inc. (the "Debtor") produce all of the documents identified below that are in its possession, custody or control:

## DEFINITIONS AND INSTRUCTIONS

1.  The term "PERSON" shall mean any natural person, firm, corporation, partnership, sole proprietorship, association, joint venture, trust OR other entity recognizable at law, any combination of any of the above, AND its predecessors, successors, assigns, employees, officers, directors, agents, accountants, auditors, attorneys AND any others acting on its behalf.

2.  The terms "YOU," "YOUR" and "DEBTOR" shall refer to the Debtor; its predecessors, successors, assigns, affiliates, employees, officers, directors, agents, accountants and any other PERSON acting on its behalf.

3.  The terms "AND" and "OR" shall mean "and/or" and be construed either in the disjunctive OR conjunctive as necessary to bring within the scope of the request all DOCUMENTS that otherwise might be construed as outside of its scope.

4.  The term "DOCUMENT" or "DOCUMENTS" shall have the same meaning and scope as in Rule 34 of the Federal Rules of Civil Procedure, AND shall include, without limitation, any written, printed, recorded, magnetic OR graphic matter, photographic matter OR sound OR visual reproductions, electronic mail, OR computer input OR output, however produced, reproduced, recoverable OR stored.

5.  All forms of the words "RELATING" mean in any way, directly OR indirectly, concerning, referring to, identifying, considering,

underlying, constituting, memorializing, modifying, amending, confirming, mentioning, endorsing, evidencing, representing, supporting, qualifying, terminating, revoking, canceling OR negating.

6. The term "PETITION" shall mean the Debtor's filing under Chapter 11 of the Bankruptcy Code.

7. The term "DUTCHER" shall mean Dutcher Creek Vineyards, Inc.; its predecessors, successors, assigns, affiliates, employees, officers, directors, agents, accountants AND any other PERSON acting on its behalf.

8. The term "SALES COMPANY" shall mean Diamond Oaks Sales Company; its predecessors, successors, assigns, affiliates, employees, officers, directors, agents, accountants AND any other PERSON acting on its behalf.

9. The term "SILVERADO" shall mean Silverado Vineyards, LLC; its predecessors, successors, assigns, affiliates, employees, officers, directors, agents, accountants AND any other PERSON acting on its behalf.

10. The term "WINERY" shall mean Diamond Oaks Winery; its predecessors, successors, assigns, affiliates, employees, officers, directors, agents, accountants AND any other PERSON acting on its behalf.

11. "SCHEDULES" mean the Schedules filed by the DEBTOR in this bankruptcy action on October 7, 2009.

12. "STATEMENT" means the Statement of Financial Affairs filed by the DEBTOR in this bankruptcy action on October 7, 2009.

13. "CHALK HILL VINEYARD" means the "Chalk Hill Vineyard" referred to in Paragraph 10 of the STATEMENT.

14. "CARNEROS VINEYARDS" means the "Carneros Vineyards" referred to in Paragraph 10 of the STATEMENT.

15. "MANIAR" means Dinesh Maniar, AND his agents, accountants, assigns, AND any other PERSON acting on his behalf.

16. "OCTOBER MONTLY OPERATING REPORT" means the monthly operating report for the period ending October 31, 2009 that DEBTOR filed in this bankruptcy action on November 20, 2009.

17. If YOU object to a portion of a request, please produce all DOCUMENTS called for by that portion of the request to which YOU do not object. Please specify the reasons for any objection.

18. If production of any DOCUMENT is withheld on the ground of privilege, please furnish a list identifying each DOCUMENT for which privilege is claimed, together with the following information: (a) the nature and subject matter of the DOCUMENT; (b) the date of the DOCUMENT; (c) the name(s) and job title(s) of author(s) of the DOCUMENT; (d) the name(s) and job title(s) of signatories of the DOCUMENT; (e) the name(s) and job title(s) of sender(s) of the DOCUMENT; (f) the name(s) and job title(s) of addressee(s) of the DOCUMENT; (g) the name(s) and job title(s) of all persons who have been permitted to view OR possess the DOCUMENT; and (h) the basis for YOUR claim of privilege.

REQUESTS FOR DOCUMENTS AND THINGS

1. ALL DOCUMENTS RELATING to DEBTOR's incorporation OR corporate existence, including, without limitation, any articles of incorporation, bylaws, AND amendments thereto, corporate minutes OR written consents, etc.

2. ALL DOCUMENTS RELATING to WINERY's incorporation OR corporate existence, including, without limitation, any articles of incorporation, bylaws, AND amendments thereto, corporate minutes OR written consents, etc.

3. ALL DOCUMENTS RELATING to SALES COMPANY's incorporation OR corporate existence, including, without limitation, any articles of incorporation, bylaws, AND amendments thereto, corporate minutes OR written consents, etc.

4. ALL DOCUMENTS RELATING to DUTCHER's incorporation OR corporate existence, including, without limitation, any articles of

incorporation, bylaws, AND amendments thereto, corporate minutes OR written consents, etc.

5. ALL DOCUMENTS RELATING to DEBTOR's financial records, including without limitation, all bank records, past or present accounts, financial statements, AND bookkeeping records, from January 1, 2002 to the present.

6. ALL DOCUMENTS RELATING to WINERY's financial records, including without limitation, all bank records, past or present accounts, financial statements, AND bookkeeping records, from January 1, 2002 to the present.

7. ALL DOCUMENTS RELATING to SALES COMPANY's financial records, including without limitation, all bank records, past or present accounts, financial statements, AND bookkeeping records, from January 1, 2002 to the present.

8. ALL DOCUMENTS RELATING to DUTCHER's financial records, including without limitation, all bank records, past OR present accounts, financial statements, AND bookkeeping records, from January 1, 2002 to the present.

9. ALL DOCUMENTS RELATING to DEBTOR's tax returns from January 1, 2002 to the present.

10. ALL DOCUMENTS RELATING to WINERY's tax returns from January 1, 2002 to the present.

11. ALL DOCUMENTS RELATING to SALES COMPANY's tax returns from January 1, 2002 to the present.

12. ALL DOCUMENTS RELATING to DUTCHER's tax returns from January 1, 2002 to the present.

13. ALL DOCUMENTS RELATING to DEBTOR's franchise taxes, including but limited to franchise tax bills AND evidence of payment, from

**EXHIBIT A TO EX PARTE APPLICATION**

January 1, 2002 to the present.

14. ALL DOCUMENTS RELATING to any audits of DEBTOR from January 1, 2002 to the present.

15. ALL DOCUMENTS identifying all of the accountants OR financial planners that DEBTOR retained OR employed from January 1, 2002 to the present.

16. ALL DOCUMENTS DEBTOR filed with any state, federal, local, OR other government agency, division, department, OR office from January 1, 2002 to the present, including but not limited to any UCC-1 filings.

17. ALL DOCUMENTS RELATING to wages DEBTOR paid to all of DEBTOR's employees, including but not limited to employees' stock options, W-2 tax forms, AND K-1 schedules.

18. ALL DOCUMENTS RELATING to appraisals, estimates, OR value of the properties listed on Schedule A of the SCHEDULES.

19. ALL DOCUMENTS RELATING to the property taxes for the properties listed on Schedule A of the SCHEDULES, including but not limited to any property tax bills AND evidence of payment.

20. ALL DOCUMENTS RELATING to property insurance for the properties listed on Schedule A of the SCHEDULES, including but not limited to insurance policies AND evidence of payment.

21. ALL DOCUMENTS RELATING to any sale OR offers, written OR oral, to purchase any of the properties listed on Schedule A of the SCHEDULES, including, without limitation, a purported offer from a buyer whose broker was Tony Polatti.

22. ALL DOCUMENTS RELATING to the ownership, leasing OR financing arrangements for the farming equipment AND various implements listed in Paragraph 33 on Schedule B of the SCHEDULES.

23. ALL DOCUMENTS RELATING to the ownership, leasing OR

**EXHIBIT A TO EX PARTE APPLICATION**

financing arrangements for the vehicles (Ford F-150) listed in Paragraph 25 on Schedule B of the SCHEDULES.

24. ALL DOCUMENTS RELATING to the ownership, leasing OR financing arrangements for the office equipment (desks and computers) listed in Paragraph 28 on Schedule B of the SCHEDULES.

25. ALL DOCUMENTS RELATING to the ownership, leasing OR financing arrangements for any of DEBTOR's assets.

26. ALL DOCUMENTS RELATING to the ownership, leasing OR financing arrangements for any of DEBTOR's former assets.

27. ALL DOCUMENTS RELATING to any contracts, agreements, OR other relationships upon which the claims of the unsecured creditors listed in Schedule F of the SCHEDULES are based.

28. ALL DOCUMENTS RELATING to the sale of the CHALK HILL VINEYARD to SILVERADO as listed in Paragraph 10 of the STATEMENT, including but not limited to any purchase agreements AND closing statements.

29. ALL DOCUMENTS RELATING to the sale of CARNEROS VINEYARDS to SILVERADO as listed in Paragraph 10 of the STATEMENT, including but not limited to any purchase agreements AND closing statements.

30. ALL DOCUMENTS RELATING to the transfer of funds RELATING to the sale of the CHALK HILL VINEYARDS to SILVERADO, including but not limited to any transfer of funds from or to MANIAR.

31. ALL DOCUMENTS RELATING to the transfer of funds RELATING to the sale of the CARNEROS VINEYARDS to SILVERADO, including but not limited to any transfer of funds from or to MANIAR.

32. ALL DOCUMENTS RELATING to the purported withdrawal of funds by MANIAR from the sale of the CHALK HILL VINEYARD, as described in Paragraph 10 of the STATEMENT.

**EXHIBIT A TO EX PARTE APPLICATION**

33. ALL DOCUMENTS RELATING to any agreements, contracts OR other relationships among OR between DEBTOR, WINERY, SALES COMPANY, DUTCHER, OR MANIAR, including but not limited to any contracts to purchase the grapes AND crops described in Paragraphs 16 and 32 on Schedule B of the SCHEDULES and DOCUMENTS RELATING to the income received by the DEBTOR as described in Paragraph 1 of the STATEMENT, since January 1, 2002.

34. ALL DOCUMENTS RELATING to any sale OR offers, written OR oral, to purchase any grapes OR crops on the properties described in Schedule A of the SCHEDULES and Paragraph 10 of the STATEMENT.

35. ALL DOCUMENTS RELATING to any purchases, sales, transfers OR other dispositions of money OR any asset among OR between DEBTOR, SALES COMPANY, WINERY, DUTCHER, OR MANIAR since January 1, 2002.

36. ALL DOCUMENTS RELATING to the equity described in Paragraphs 51 through 58 of the OCTOBER MONTHLY OPERATING REPORT, including but not limited to DOCUMENTS RELATING to the "paid in Capital by Majority Shareholder" in Paragraph 53 therein.

37. ALL DOCUMENTS RELATING to the sale OR offer(s) for sale of DUTCHER.

38. ALL DOCUMENTS RELATING to the sale OR offer(s) for sale of DUTCHER's inventory.

39. ALL DOCUMENTS RELATING to any purchase, sale, supply, OR vendor relationships RELATING to DEBTOR's business operations.

40. ALL DOCUMENTS RELATING to any service contract, agreement OR relationship RELATING to DEBTOR's business operations.

41. ALL DOCUMENTS RELATING to any transfer of goods, assets, OR money among OR between DEBTOR, MANIAR, WINERY, SALES

**EXHIBIT A TO EX PARTE APPLICATION**

1 COMPANY, OR DUTCHER since January 1, 2002.

2     42.    ALL DOCUMENTS RELATING to any contracts set forth on Schedule G of the SCHEDULES.

    43.    ALL DOCUMENTS RELATING to the claims listed on Schedule D of the SCHEDULES.

    44.    ALL DOCUMENTS RELATING to the claims listed on Schedule E of the SCHEDULES.

    45.    ALL DOCUMENTS RELATING to DEBTOR's claim on Schedule H of the SCHEDULES that MANIAR is a "co-debtor" for creditor Hartford Life & Accident Ins. Co.

**EXHIBIT A TO EX PARTE APPLICATION**