UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DIAMOND OAKS VINEYARDS, INC.,                      No. 09-12995

                     Debtor(s).
_____/

Memorandum on Motion for Relief From Stay
_____

       Chapter 11 debtor in possession Diamond Oaks Vineyards, Inc., is a Subchapter S corporation wholly owned by Dinesh Maniar. It owns the real properties located at 4500 St. Helena Highway, and 4531 St. Helena Highway, Calistoga, California. The properties are working vineyards which produce an annual crop.

       In February of 2007, title to the properties was held by Maniar. He refinanced them at that time with loans from Harford Life and Accident Insurance Company, which knew that Maniar conducted his businesses through several Subchapter S corporations but nonetheless made the loans to Maniar and insisted on a term in the loan agreements which forbade the transfer of the properties to another entity without its consent despite Maniar's attempt to negotiate more flexible terms.

       In February of 2009, Maniar defaulted on the loans and foreclosure proceedings commenced. In June of that year, Harford Life and Accident Insurance Company assigned its notes and deeds of trust to Hartford Life, Inc.

       On September 10, 2009, just days before foreclosure sale, Maniar deeded the properties to the

1

1  debtor for no consideration. This Chapter 11 was commenced on September 14, 2009. Hartford has
2  moved the court for relief from the automatic stay, arguing that this transfer and the bankruptcy filing
3  were done in bad faith.[1]

4  Hartford is correct in arguing that stay relief should generally be granted if a pattern of conduct
5  known as "new debtor syndrome" is demonstrated. Typically, the new debtor syndrome involves a
6  transfer of distressed property into a newly created corporation on the eve of foreclosure for no
7  consideration; the debtor has no assets other than the transferred property; the debtor has no or
8  minimal unsecured debt and no employees or ongoing business and no means to service the debt. *In re*
9  *Duvar Apt., Inc.*, 205 B.R. 196, 200 (9th Cir. BAP 1996).

10 There are a few problems with Hartford's attempt to characterize this case as the classic
11 example of the new debtor syndrome. First of all, the debtor is not new; Hartford's predecessor in
12 interest knew about it when the loan was made and contracted for the property to remain in Maniar's
13 name notwithstanding Maniar's request that he be allowed to make a reasonable transfer to another
14 entity. Secondly, the debtor has other assets, other debts, and employees. Lastly, it has an ongoing,
15 revenue-earning business.

16 Hartford's real argument is that Maniar has breached the terms of the loan agreements
17 forbidding transfer of its collateral to another entity. There is certainly a confirmation issue as to
18 whether this is the sort of default which can be cured pursuant to § 1123(a)(5)(G) of the Bankruptcy
19 Code. While the debtor may not prevail on this issue, it is not bad faith to try.

20 The basic problem with Hartford's motion is its presumption that it is entitled to relief from the
21 automatic stay if it demonstrates elements of new debtor syndrome. Hartford is entitled to relief it
22 demonstrates *bad faith*. In this case, Hartford fully concedes that Maniar is very seriously, perhaps
23 terminally, ill. It is clear that Maniar has not made the transfer to harm or defraud Hartford, but to

---

[1] The only basis of Hartford's motion is alleged bad faith. It has produced no evidence of lack of equity, an issue for which it bears the burden of proof pursuant to § 362(g)(1) of the Bankruptcy Code. For purposes of this motion, the court must assume that there is equity.

2

place the debtor in a position to continue to carry on its business and reorganize without him in the event of his incapacitation or death. The new debtor syndrome can be evidence of bad faith. A good faith attempt to reorganize is not subject to summary dismissal or stay relief merely because some elements of new debtor syndrome may be present.

The court finds that this Chapter 11 case was commenced in good faith and for a proper purpose. Accordingly, Hartford's motion for relief from the automatic stay will be denied, without prejudice to its right to seek relief on other grounds. Counsel for the debtor shall submit an appropriate form of order.

Dated: February 12, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

3